FILED
United States Court of Appeals
Tenth Circuit

May 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCO PEDRO LEMUS,

        Petitioner–Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION,

        Respondent–Appellee.

No. 11-8103

(D.C. No. 2:11-CV-00212-ABJ)

(D. Wyoming)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY**, and **HOLMES**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. In 2005, a Wyoming jury convicted Petitioner of felony murder and conspiracy to commit aggravated robbery. The Wyoming Supreme Court affirmed his convictions on July 17, 2007. *Lemus v. State*, 162 P.3d 497, 499 (Wyo. 2007). Almost four years later, Petitioner filed the instant § 2254 petition, in which he raised claims relating to various evidentiary rulings by the trial court, the prosecutor's opening and closing statements, the denial of his request for a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

change of venue, the jury selection process, and the effectiveness of his appellate counsel. The district court dismissed the petition as untimely.

In his request for a certificate of appealability, Petitioner argues the district court should have equitably tolled his untimely claims because his delay in filing the habeas petition was caused by his limited education, ignorance of the law, and limited access to a law library and legal materials. He also argues he showed due diligence in attempting to pursue his federal claims because in 2008 he mistakenly attempted to appeal the Wyoming Supreme Court's decision directly to this court.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has simply not demonstrated extraordinary circumstances warranting equitable tolling under our precedents. *See, e.g.*, *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge


-2-